IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Greenbelt Division)

|  |  |
|---|---|
| ANA MARIA FELIPE GONZALEZ<br>c/o 519 H Street NW<br>Washington, DC 20001<br>(Montgomery County)<br><br>    Plaintiff,<br><br>v.<br><br>MOGOTILLO RESTAURANT, LLC<br>d/b/a MOGOTILLO<br>7637 New Hampshire Avenue<br>Takoma Park, MD 20912<br>(Montgomery County)<br><br>CARLOS WALTER VILLATORO<br>2717 Nicholson Street, Apt. 203<br>Hyattsville, MD 20782<br>(Prince George's County)<br><br>WILLIAMS A. CASTILLO<br>7413 Tilden Street<br>Hyattsville, MD 20784<br>(Prince George's County)<br><br>    Defendants. | Civil Action No. _____ |

# COMPLAINT

1. While Plaintiff worked at Defendants' Mexican restaurant, Defendants failed to pay her the applicable minimum wage. Defendants also failed to pay Plaintiff overtime wages by paying her the same hourly rate across all hours worked, including overtime hours. Lastly, Defendants did not pay Plaintiff for four weeks of work.

2. Plaintiff brings this action against Mogotillo Restaurant, LLC, Carlos Walter Villatoro, and Williams A. Castillo ("Defendants") to recover damages for Defendants' willful failure to pay regular, minimum, and overtime wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

**Jurisdiction and Venue**

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C.§ 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and Local Rule 501(4) because all of the parties reside in this district and division, or because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district and division.

**Parties**

5. Plaintiff Ana Maria Felipe Gonzalez is an adult resident of Montgomery County, Maryland.

6. Defendant Mogotillo Restaurant, LLC is a Maryland limited liability corporation. It does business as Mogotillo. Its principal place of business is located at 7637 New Hampshire Avenue, Takoma Park, MD 20912. Its resident agent for service of process is Carlos W. Villatoro, 2717 Nicholson Street, Apt. 203, Hyattsville, MD 20782.

7. Defendant Carlos Walter Villatoro is an adult resident of Maryland. He resides at 2717 Nicholson Street, Apt. 203, Hyattsville, MD 20782. He is an owner and member of Defendant Mogotillo Restaurant, LLC. He exercises control over the operations of Mogotillo Restaurant, LLC — including its pay practices.

8. Defendant Williams A. Castillo is an adult resident of Maryland. He resides at 7413 Tilden Street, Hyattsville, MD 20784. He is an owner and member of Defendant Mogotillo Restaurant, LLC. He exercises control over the operations of Mogotillo Restaurant, LLC — including its pay practices.

**Factual Allegations**

9. Defendants own and operate the restaurant Mogotillo, located at 7637 New Hampshire Avenue, Takoma Park, MD 20912.

10. Plaintiff worked at Mogotillo from approximately October 26, 2019 through approximately September 2, 2020.

11. Defendants closed Mogotillo from approximately March 17, 2020 through June 12, 2020, and Plaintiff did not work during that time.

12. Plaintiff worked at Mogotillo as a kitchen laborer.

13. Plaintiff's job duties at Mogotillo primarily consisted of preparing and cooking food, washing dishes, and cleaning her workstation at the end of each shift.

14. Plaintiff typically and customarily worked five to six days per week.

15. Plaintiff typically and customarily worked an average of approximately fifty-nine and a half hours per week.

16. For example, during the workweek of March 7, 2020, through March 13, 2020, Plaintiff worked approximately sixty-two hours. *See* Ex. A.

17. At all relevant times, Defendants paid Plaintiff $12.00 per hour.

18. Defendants typically and customarily paid Plaintiff in cash.

19. At all relevant times, Defendants paid Plaintiff weekly.

20. At all relevant times, Defendants paid Plaintiff on Saturdays.

21. Plaintiff typically and customarily worked more than forty hours per workweek for Defendants.

22. At all relevant times, Defendants paid Plaintiff the same regular hourly rate across all hours worked.

23. At all relevant times, Defendants did not pay Plaintiff overtime wages — or one and one-half times her regular hourly rate for hours worked in excess of forty in a workweek.

24. In addition to not paying overtime wages, Defendants did not pay Plaintiff the applicable Montgomery County minimum wage.

25. For companies with fewer than ten employees, the Montgomery County minimum wage was $12.50 per hour from July 1, 2019 through June 30, 2020, and $13.00 per hour from July 1, 2020 through June 30, 2021. Montgomery County Code § 27-68.

26. Finally, Defendants did not pay Plaintiff for four weeks of work, or 177 hours. Defendants did not pay her for work performed from February 15–21, 2020, March 14–20, 2020, July 25–31, 2020, and August 1–7, 2020.

27. For each week the Defendants failed to pay Plaintiff, Defendants owe her the minimum wage at the federal, Maryland, and Montgomery County rates. *See* 29 U.S.C. § 206(a)(1)(C) ($7.25 per hour); Md. Code, Lab. & Empl. Art. § 3-413 ($10.10 per hour from July 1, 2018 through December 31, 2019, and $11.00 from January 1, 2020 through December 31, 2020); Montgomery County Code § 27-68.

28. Defendants owe Plaintiff approximately $12,000.00 in regular, minimum, and overtime wages (excluding liquidated damages).

29. Defendant Carlos Walter Villatoro participated in setting the restaurant's hours of operations.

30. Defendant Carlos Walter Villatoro has participated in decisions to hire employees of Mogotillo.

31. Defendant Carlos Walter Villatoro participated in the decision to hire Plaintiff.

32. Defendant Carlos Walter Villatoro participated in the decision to set Plaintiff's work schedule.

33. Defendant Carlos Walter Villatoro participated in the decision to pay Plaintiff in cash.

34. Defendant Carlos Walter Villatoro participated in the decision to set Plaintiff's rate of pay.

35. Defendant Carlos Walter Villatoro often handed Plaintiff her cash payments.

36. Defendant Carlos Walter Villatoro had the authority to sign checks for Mogotillo Restaurant, LLC.

37. Defendant Carlos Walter Villatoro has signed checks for Mogotillo Restaurant, LLC.

38. In the final months of 2020, Defendant Carlos Walter Villatoro made Defendant Williams A. Castillo a member of Mogotillo Restaurant, LLC.

39. Defendant Carlos Walter Villatoro granted Defendant Williams A. Castillo authority to exercise control over the operations of Mogotillo Restaurant, LLC.

40. Defendant Williams A. Castillo participated in setting the restaurant's hours of operations.

41. Defendant Williams A. Castillo has participated in decisions to hire employees of Mogotillo.

42. Defendant Williams A. Castillo participated in the decision to set Plaintiff's work schedule.

43. Defendant Williams A. Castillo participated in the decision to continue to pay Plaintiff in cash.

44. Defendant Williams A. Castillo participated in the decision to continue Plaintiff's rate of $12.00 per hour.

45. Defendant Williams A. Castillo had the authority to sign checks for Mogotillo Restaurant, LLC.

46. Defendant Williams A. Castillo has signed checks for Mogotillo Restaurant, LLC.

47. At all relevant times, Defendants had the power to hire and fire Plaintiff.

48. At all relevant times, Defendants had the power to control Plaintiff's work schedule.

49. At all relevant times, Defendants had the power to supervise and control Plaintiff's work.

50. At all relevant times, Defendants had the power to set Plaintiff's rate and manner of pay.

51. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times her regular rate for all hours worked in excess of forty hours in any one workweek.

52. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff the applicable federal, Maryland, and Montgomery County minimum wage rates.

53. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to her.

54. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

55. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

56. At all relevant times, Defendants had employees who handled food products, such as pork, beef, or vegetables, that had been raised or grown outside of Maryland.

## COUNT I
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE FLSA

57. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

58. Each defendant was an "employer" of Plaintiff within the meaning of the FLSA. 29 U.S.C. § 203(d).

59. The FLSA requires employers to pay non-exempt employees at least $7.25 per hour. 29 U.S.C. § 206(a)(1)(C).

60. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

61. Defendants violated the FLSA by knowingly failing to pay Plaintiff at leastt $7.25 per hour for at least four weeks of her employment.

62. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

63. Defendants' violations of the FLSA were willful.

64. For Defendants' violations of the FLSA, Defendants are liable to Plaintiff for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE MWHL

65. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

66. Each defendant was an "employer" of Plaintiff within the meaning of the MWHL. Md. Code, Lab. & Empl. Art. § 3-401(b).

67. The MWHL requires that employers pay non-exempt employees at least $10.10 per hour from July 1, 2018 through December 31, 2019, and $11.00 from January 1, 2020 through December 31, 2020. Md. Code, Lab. & Empl. Art. § 3-413.

68. The MWHL requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. Md. Code, Lab. & Empl. Art., §§ 3-415 and 3-420.

69. Defendants violated the MWHL by knowingly failing to pay the required minimum wage to Plaintiff.

70. Defendants violated the MWHL by knowingly failing to pay Plaintiff one and one-half times her regular hourly rate for hours worked in excess of forty hours in any one workweek.

71. Defendants' violations of the MWHL were willful.

72. For Defendants' violations of the MWHL, Defendants are liable to Plaintiff for unpaid minimum and overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE MWPCL

73. Plaintiff incorporates the foregoing paragraphs as if set forth in their entirety herein.

74. Each defendant was an "employer" of Plaintiff within the meaning of the MWPCL. Md. Code, Lab. & Empl. Art. § 3-501(b).

75. The MWPCL requires employers to pay an employee whose employment terminates all wages due on or before the day on which the employee would have been paid the wages if the employment had not been terminated. Md. Code, Lab. & Empl. Art. § 3-505(a).

76. The MWPCL requires employers to timely pay an employee on regular pay days. Md. Code, Lab. & Empl. Art. § 3-502.

77. The "wages" required to be timely paid by the MWPCL include regular, minimum and overtime wages. Md. Code, Lab. & Empl. Art. § 3-501(c)(2). *See also Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 654 (Md. 2014).

78.     Defendants violated the MWPCL by knowingly failing to timely pay to Plaintiff all wages due, including regular, minimum, and overtime wages.

79.     Defendants' violations MWPCL were willful.

80.     For Defendants' violations of the MWPCL, Defendants are liable to Plaintiff for three times the amount of unpaid wages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of $**38,917.00**, and grant the following relief:

    a.     Award Plaintiff $36,000.00, consisting of the following overlapping elements:

        i.     unpaid minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

        ii.    unpaid Maryland minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

        iii.   three times the amount of unpaid wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

    b.     Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

    c.     Award Plaintiff reasonable attorney's fees and expenses at (as of this date, approximately $2,515.00);

    d.     Award Plaintiff court costs (currently, $402.00); and

    e.     Award any additional relief the Court deems just.

August 13, 2021                              Respectfully submitted,

             **DCWAGELAW**

             By: /s/ Justin Zelikovitz
             JUSTIN ZELIKOVITZ, #17567
             519 H Street NW
             Washington, DC 20001
             Phone: (202) 803-6083
             Fax: (202) 683-6102
             justin@dcwagelaw.com

             *Counsel for Plaintiff*