IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANA MARIA FELIPE GONZALEZ, | * | |
| Plaintiff, | * | |
| v. | * | Civil No. TDC-21-2063 |
| MOGOTILLO RESTAURANT, LLC, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \*

**REPORT AND RECOMMENDATION**

This Report and Recommendation addresses the Motion for Default Judgment ("Motion") (ECF No. 21) filed by Plaintiff Ana Maria Felipe Gonzalez. Defendants Mogotillo Restaurant, LLC ("Mogotillo"), Carlos Walter Villatoro ("Villatoro"), and Williams A. Castillo ("Castillo") (collectively, the "Defendants") have not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2(a). On March 9, 2022, in accordance with 28 U.S.C. § 636 and pursuant to Local Rule 301.6, Judge Chuang referred this case to me for a report and recommendation on Plaintiff's Motion. ECF No. 22. I find that a hearing is unnecessary. *See* Fed. R. Civ. P. 55(b)(2); Loc. R. 105.6. For the reasons set forth below, I respectfully recommend that Plaintiff's Motion be granted.

I. **FACTUAL AND PROCEDURAL HISTORY**

Plaintiff filed this lawsuit against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Maryland Wage and Hour Law, Md. Code, Lab. & Empl. § 3-401 *et seq.* ("MWHL"), and the Maryland Wage Payment and Collection Law, Md. Code, Lab.

& Empl. § 3-501 *et seq.* ("MWPCL").[1] ECF No. 1. Each of the Defendants was personally served with the Complaint and summons, *see* ECF Nos. 4, 5 & 16, but the Defendants did not file an answer or responsive pleading. Plaintiff moved for the Clerk's entry of default as to each of the Defendants (ECF Nos. 9, 13 & 17). The Clerk granted Plaintiff's requests and entered default against each of the Defendants (ECF Nos. 10, 14 & 18). On March 8, 2022, Plaintiff filed her Motion, to which Defendants have not responded.

## II.    LEGAL ANALYSIS

### A.    Standard for Entry of Default Judgment

In determining whether to award a default judgment, the Court accepts as true the well-pleaded factual allegations in the complaint as to liability. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780-81 (4th Cir. 2001); *United States ex rel. Durrett-Sheppard Steel Co. v. SEF Stainless Steel, Inc.*, No. RDB-11-2410, 2012 WL 2446151, at *1 (D. Md. June 26, 2012). Nonetheless, the Court must consider whether the unchallenged facts constitute a legitimate cause of action since a party in default does not admit mere conclusions of law. *Ryan*, 253 F.3d at 780. Although the Fourth Circuit has a "strong policy that cases be decided on the merits," *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993), default judgment "is appropriate when the adversary process has been halted because of an essentially unresponsive party." *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980)). If the Court determines that liability is established, the Court must then determine the appropriate amount of damages. *CGI Finance, Inc., v. Johnson*, No. ELH-12-1985, 2013 WL 1192353, at *1 (D. Md. March 21, 2013). The Court does not accept factual allegations in the complaint regarding damages as true, but rather

---

[1] The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. *See* ECF No. 1 at 2.

must make an independent determination regarding such allegations. *Durrett-Sheppard Steel Co.*, 2012 WL 2446151, at *1.

Rule 55 of the Federal Rules of Civil Procedure provides that "[i]f, after entry of default, the Plaintiff's Complaint does not specify a 'sum certain' amount of damages, the court may enter a default judgment against the defendant pursuant to Fed. R. Civ. P. 55(b)(2)." A plaintiff's assertion of a sum in a complaint does not make the sum "certain" unless the plaintiff claims liquidated damages; otherwise, the complaint must be supported by affidavit or documentary evidence. *United States v. Redden*, No. WDQ-09-2688, 2010 WL 2651607, at *2 (D. Md. June 30, 2012). Rule 55(b)(2) provides that "the court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages." The Court is not required to conduct an evidentiary hearing to determine damages; it may rely instead on affidavits or documentary evidence in the record to determine the appropriate sum. *See, e.g.*, *Mongue v. Portofino Ristorante*, 751 F. Supp. 2d 789, 795 (D. Md. 2010).

**B.     Liability**

In her Complaint, Plaintiff alleges that Mogotillo is a limited liability company that does business as a restaurant in Takoma Park, Maryland. ECF No. 1 ¶ 6. At all relevant times, (1) the annual gross volume of Defendants' business exceeded $500,000 and (2) Defendants employed two or more employees who handled goods or materials that had traveled in or been produced in interstate commerce, including food products that were raised or grown outside of Maryland. *Id.* ¶¶ 54-56. Villatoro and Castillo are both members and owners of Mogotillo. *Id.* ¶¶ 7-8. Plaintiff worked for Mogotillo as a kitchen laborer between October 26, 2019, and September 2, 2020.[2] *Id.* ¶ 10. She "typically and customarily worked five to six days per week," for "an average of

---

[2] Mogotillo was closed between March 17, 2020, and June 12, 2020. Plaintiff did not work for Mogotillo during the time it was closed. *Id.* ¶ 11.

approximately fifty-nine and a half hours per week." *Id.* ¶¶ 14-15. Defendants paid Plaintiff $12 per hour for each hour that she worked. *Id.* ¶ 17, 22-23. Defendants did not pay Plaintiff overtime wages. *Id.* ¶ 23. Defendants did not pay Plaintiff the applicable Montgomery County, Maryland minimum wage, which was $12.50 per hour from July 1, 2019, through June 30, 2020, and $13 per hour from July 1, 2020, through June 30, 2021. *Id.* ¶ 25; Mont. Cnty. Code § 27-68 (establishing a minimum wage for "small employers" with fewer than 10 employees). And Defendants did not pay Plaintiff at all for 177 hours of work that she performed between February 15-21, 2020; March 14-20, 2020; July 25-31, 2020; and August 1-7, 2020. *Id.* ¶ 26. Villatoro and Castillo both personally participated in the decisions regarding Plaintiff's (1) rate of pay, (2) work schedule, and (3) payment in cash. *Id.* ¶¶ 29-50. Defendants were aware that they were required to: (1) pay Plaintiff at the applicable federal, state, and county minimum wage rates, (2) pay Plaintiff overtime wages, calculated at one and one-half times her regular rate for all hours worked in excess of 40 hours in any one workweek, and (3) timely pay Plaintiff all wages legally due to her. *Id.* ¶¶ 51-53. The declaration submitted by Plaintiff in support of the Motion (ECF No. 21-1) confirms the truth of the foregoing applications of the Complaint.

The FLSA, MWHL, and MWPCL ensure that employees are paid enough for their work. The FLSA and the MWHL require employers to pay employees a minimum hourly wage. The MWPCL requires employers to pay employees their wages regularly and in full on departure. If an employer violates these statutes, the statutes allow employees to recover.

The Court must first determine whether Defendants acted as Plaintiff's employer, such that the FLSA, the MWHL, and the MWPCL apply to them. Accepting as true the allegations of the Complaint, the Court finds that Defendants acted as Plaintiff's employer at all relevant times. Defendants (1) had the power to hire and fire Plaintiff, (2) supervised and controlled her

schedule and conditions of employment, and (3) determined Plaintiff's rate and method of payment. *See Orellana v. ACL Cleaning, LLC*, No. DKC-19-2318, 2022 WL 111167, at *2-3 (D. Md. Jan. 12, 2022) (citing *Harbourt v. PPE Casino Resorts Md.*, LLC, 820 F.3d 655, 661 n.5 (4th Cir. 2016); *Campusano v. Lusitano Constr. LLC*, 208 Md. App. 29, 36-38 (2012)).

The Court next considers whether Plaintiff has established that Defendants failed to pay her the minimum wage required by the FLSA and the MWHL. To make such a showing, Plaintiff must establish that she did not receive compensation for the work she performed at the statutory minimum hourly rate (for up to 40 hours per week) and the overtime hourly rate (for hours worked in excess of 40 hours per week). Plaintiff has made that showing here. Accepting as true the allegations of Plaintiff's Complaint, and considering the evidence she submitted in support of her Motion (ECF No. 21-1), the Court finds that Defendants did not pay Plaintiff the statutory minimum wage required by the FLSA and the MWHL, and that Defendants did not pay Plaintiff for overtime work that she performed at the rate of one and one-half times her regular hourly rate. Plaintiff has thus established Defendants' liability under the FLSA and the MWHL.

As for the MWPCL, the Court considers whether Plaintiff has established that Defendants failed to pay her the wages that were due to her for her work. Because Plaintiff has alleged that Defendants did not pay her the wages that were due to her, she has established the Defendants' liability under the MWPCL.

**C.   Damages**

Having determined that Plaintiff has established Defendants' liability, it is now appropriate to determine the damages to which Plaintiff is entitled. The damages Plaintiff seeks in her Motion are appropriate under Rule 54(c) so long as "the record supports the damages requested." *See Laborers' Dist. Council Pension v. E.G.S., Inc.*, No. WDQ-09-3174, 2010 WL

1568595, at *3 (D. Md. Apr. 16, 2010). Here, Plaintiff has provided sufficient evidence to support her claim for damages in the amount of $24,451.09.

In support of her claim for damages, Plaintiff relies on her declaration (ECF No. 21-1). According to this declaration, Plaintiff worked for Defendants at Mogotillo between about October 26, 2019, and September 2, 2020 (with a leave of absence between March 17, 2020, and June 12, 2020). *Id.* at 1. She typically worked five or six days each week, averaging 51 hours of work per week.[3] *Id.* Her hourly rate was $12.00 and Defendants did not pay her a premium for overtime hours. *Id.* Defendants did not pay Plaintiff anything for the following weeks of work: February 15-21, 2020; March 14-20, 2020; and July 25, 2020, through August 7, 2020. *Id.* at 2. Plaintiff states that she is owed $5,342.50 in regular, minimum, and overtime wages, which is supported by a chart explaining how the amount was calculated. *Id.*; ECF No. 21-2. The FLSA, MWHL, and MWPCL allow employees to recover regular damages equal the amount of unpaid wages owed under each law. 29 U.S.C. § 216(b); Md. Code, Lab. & Empl. §§ 3-421(a)(1), 3-507.2(a). I find that Plaintiff is entitled to $5,342.50 in damages for unpaid regular, minimum, and overtime wages. I recommend that the Court award Plaintiff $5,342.50 in regular damages.

Plaintiff also seeks an award of liquidated damages. Both the FLSA and the MWHL permit employees to recover liquidated damages equal to the amount of wages owed (meaning double damages). 29 U.S.C. § 216(b); Md. Code, Lab. & Empl. § 3-427(a), (d). The MWPCL permits more generous liquidated damages, up to two times the wage owed, or treble damages. Md. Code, Lab & Empl. § 3-507.2; *Orellana*, 2022 WL 111167, at *4 (D. Md. Jan. 12, 2022) ("The MWPCL permits liquidated damages up to twice wages owed, or treble damages, although courts may award less."). Still, a plaintiff cannot double recover. *See Quiroz v. Wilhelm Com.*

---

[3] In her Complaint, Plaintiff alleged that she worked an average of 59.5 hours per week. ECF No. 1 ¶ 15.

*Builders, Inc.*, No. WGC-10-2016, 2011 WL 5826677, at *3 (D. Md. Nov. 17, 2011) (citing *General Tel. Co. v. EEOC*, 446 U.S. 318, 333 (1980)). I find that an award of treble damages under the MWPCL is warranted. *See Orellana*, 2022 WL 111167, at *4 (awarding treble damages under the MWPCL where an employer failed to pay an employee certain wages and did not explain why it had withheld the wages). Defendants have not provided any explanation for their failure to pay Plaintiff the wages they owed her, and there is no suggestion of any bona fide dispute over the payment of wages. I recommend that the Court award Plaintiff liquidated damages in the amount of $10,685, which is two times the amount of her regular damages ($5,342.50).

Plaintiff also seeks an award of attorney's fees and costs, which prevailing parties may recover under the FLSA, MWHL, and MWPCL. 29 U.S.C. § 216(b); Md. Code, Lab. & Empl. §§ 3-427(d), 3-507.2(b). Appendix B to this Court's Local Rules ("Rules and Guidelines for Determining Attorneys' Fees in Certain Cases") provides that lawyers admitted to the bar for nine to 14 years may reasonably bill $225-350 per hour. Paralegals and law clerks may reasonably bill $95-150 per hour. These rates serve as guidelines in determining the reasonableness of hourly rates. Plaintiff's attorneys have been admitted to the practice of law for over 12 years. ECF No. 21-4 at 1-2. They request that the Court award attorney's fees at the rate of $350 for each attorney, which is within the presumptively reasonable rate established in the Local Rules. ECF No. 21 at 6. I find that an hourly rate of $350 is reasonable for Plaintiff's attorneys.

Plaintiff's counsel states that Plaintiff incurred a total of $7,630.00 in attorney's fees in this case. ECF No. 21-4. The work that Plaintiff's counsel performed is summarized in billing records filed at ECF No. 21-3. I find that the time Plaintiff's counsel and their support staff spent working on the case is reasonable. I have also reviewed the expenses that Plaintiff incurred, ECF No. 21-3 at 3-4,

7

and find that these expenses are reasonable. I recommend that the Court grant Plaintiff an award of attorney's fees in the amount of $7,630 and costs in the amount of $793.59.

In total, I recommend that $24,451.09 in damages be awarded to Plaintiff against Defendants. This amount includes $5,342.50 in unpaid wages, $10,685 in liquidated damages for unpaid wages, $7,630 in attorney's fees, and $793.59 in costs.

### III.   CONCLUSION

In sum, I recommend that the Court:

1.   Grant the Plaintiff's Motion for Default Judgment (ECF No. 21);

2.   Enter judgment in favor of Plaintiff Ana Maria Felipe Gonzalez against Defendants Mogotillo Restaurant, LLC, Carlos Walter Villatoro, and Williams A. Castillo, in the amount of $24,451.09, plus post-judgment interest to accrue at the legal rate;

I also direct the Clerk to mail a copy of this Report and Recommendation to Defendants Mogotillo Restaurant, LLC, Carlos Walter Villatoro, and Williams A. Castillo.

Objections to this Report and Recommendation must be served and filed within fourteen (14) days, pursuant to Fed. R. Civ. P. 72(b) and Local Rule 301.5(b).

<u>March 29, 2022</u>                                   <u>       /s/                          </u>
Date                                                            Timothy J. Sullivan
                                                                  United States Magistrate Judge