## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

ANA MARIA FELIPE GONZALEZ,

     Plaintiff,

     v.

MOGOTILLO RESTAURANT, LLC,
*d/b/a Mogotillo*,
CARLOS WALTER VILLATORO and
WILLIAMS A. CASTILLO,

     Defendants.

Civil Action No. TDC-21-2063

## MEMORANDUM ORDER

On April 19, 2022, this Court adopted United States Magistrate Judge Timothy J. Sullivan's Report and Recommendation as an Order of the Court, granted a Motion for Default Judgment filed by Plaintiff Ana Maria Felipe Gonzalez, and entered judgment in the amount of $24,451.09 against Defendants Mogotillo Restaurant, LLC, Carlos Walter Villatoro, and Williams A. Castillo.  Castillo has now filed a Motion to Set Aside Default and Vacate Default Judgment, which Felipe Gonzalez opposes.  Separately, Felipe Gonzalez has filed a Motion for Judgment Against Garnishee Citibank, N.A. ("Citibank").  Having reviewed the submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6.  For the reasons set forth below, the Motion to Set Aside Default and Vacate Default Judgment, ECF No. 37, will be DENIED, and the Motion for Judgment Against Garnishee Citibank, N.A., ECF No. 41, will be GRANTED.

## DISCUSSION

I.      **Motion to Set Aside Default and Vacate Default Judgment**

In his Motion, Castillo seeks relief under Federal Rules of Civil Procedure 55, 60(b)(2), and 60(b)(6) from the default judgment entered against him. Under Rule 55(c), "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Rule 60(b) allows a court to relieve a party from a final judgment on six enumerated grounds, including, as relevant here, "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reasons that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). To grant relief under Rule 60(b)(6), a district court must find "extraordinary circumstances" and that "the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5)." *United States v. Welsh*, 879 F.3d 530, 537 n.2 (4th Cir. 2018).

To obtain relief from a judgment under Rule 60(b), a moving party must show (1) that "the motion is timely," (2) that the party "has a meritorious claim or defense," and (3) that "the opposing party will not suffer unfair prejudice if the judgment is set aside," and it must satisfy one of the six enumerated grounds for relief set forth Rule 60(b). *Welsh*, 879 F.3d at 533 (quoting *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)). As to the first requirement, a Rule 60(b) motion "must be made within a reasonable time" and, as to Rule 60(b)(1), must be made "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60(c)(1). Because Rule 60(b) motions request relief from judgment, such motions "implicate[] an interest in 'finality and repose.'" *Colleton Preparatory Acad. v. Hoover Universal*, 616 F.3d 413, 420 (4th Cir. 2010) (quoting *United States v. Moradi*, 673 F.2d 725, 728 (4th Cir. 1982)).

Here, Castillo alleges that his failure to respond to the Complaint was the result of mistake or excusable neglect under Rule 60(b)(1) because he is not a native English speaker, he lacks familiarity with the legal system, and his co-defendant, Villatoro, assured Castillo that Villatoro had arranged to have Castillo removed from the case. Castillo also asserts that he is not a proper defendant in the case because he had no ownership or employment role with the restaurant at which Felipe Gonzalez worked, and he was merely a frequent customer who occasionally assisted Villatoro, the owner of the restaurant.

However, the submitted materials demonstrated that Castillo was repeatedly informed of his status as a co-defendant in this case: the Complaint, which was served upon Castillo, named him as a defendant, the Clerk entered default against Castillo, and this Court's Order granting default judgment included his name in the caption. Castillo acknowledges that he reviewed the Complaint and thus knew that he was a defendant. Though Castillo asserts that he believed from a phone call with Felipe Gonzalez's attorney and Villatoro that Villatoro had arranged to have Castillo removed from the case by signing a statement that Castillo was not affiliated with the restaurant, Felipe Gonzalez's attorney has stated in a declaration that he "never told Mr. Castillo that he would be dismissed from the instant case," and that he "told him that this case was proceeding against him" and emphasized that he needed to settle the case, hire an attorney, or take some action in response." Tucker Decl. ¶ 5, Mot. Vacate J., ECF No. 44-1. Castillo has not denied that the attorney made these statements to him. Moreover, text messages between the attorney, Castillo, and Villatoro reinforce the conclusion that Castillo was aware of the case, including the default judgment entered against him, and that the attorney consistently took the position that Castillo remained a defendant throughout. Under these circumstances, the Court finds that Castillo's failure to act does not constitute "mistake, inadvertence, surprise, or excusable

neglect" under Rule 60(b)(1).  Because Castillo's reason for relief from judgment can be evaluated under Rule 60(b)(1), and because "extraordinary circumstances" are not present, Castillo cannot obtain relief under Rule 60(b)(6).  *See Welsh*, 879 F.3d at 537 n.2.

Castillo's Motion also fails because it was not brought "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Though the default judgment was entered on April 19, 2022, Castillo waited six months before filing the present Motion on October 28, 2022.  Although the six-month delay does not render the Motion categorically untimely, *see* Fed. R. Civ. P. 60(c)(1), it is unreasonable under the present circumstances.  Where Castillo was undisputedly aware that he was a defendant, the orders of default and of a default judgment named him and thus conveyed than any prior belief that he had been removed from the case was mistaken, and text messages between Castillo and Felipe Gonzalez's attorney reveal that they had an August 2022 exchange to discuss whether Castillo would pay the judgment, Castillo's failure to file his Motion for over six months after receiving notice of the default judgment was unreasonable.  His assertion that he did not realize that he was subject to the judgment until after he learned of the efforts to garnish his bank account in September 2022 does not alter this conclusion.  *See, e.g.*, *Choice Hotels Int'l, Inc. v. Stillwater Joint Venture*, No. DKC-20-2161, 2021 WL 5494535, at \*4 (D. Md. Nov. 23, 2021) (finding that a motion to vacate a default judgment was not filed within a reasonable time when the defendant waited five months before filing a motion and acted only "when collection efforts were made").  The Court will therefore deny the Castillo's Motion as both untimely and as failing to meet the requirements of Rule 60(b)(1) or (6).

## II.      Motion for Judgment Against Garnishee Citibank, N.A.

Separately, Felipe Gonzalez has filed a Motion for Judgment Against Garnishee Citibank, N.A. seeking an order that Citibank release funds in a Citibank bank account held by Villatoro to

satisfy the judgment. After this Court issued a Writ of Garnishment relating to these funds, Citibank filed an Answer confirming possession of $1,884.32 in funds owned by Villatoro. ECF Nos. 28, 30. Under Maryland law, "[i]f the garnishee files a timely answer, the matters set forth in the answer shall be treated as established for the purpose of the garnishment proceeding unless the judgment creditor files a reply contesting the answer within 30 days after its service. If a timely reply is not filed, the court may enter judgment upon request of the judgment creditor." Md. Rule 2-645(g). "The judgment against the garnishee shall be for the amount admitted plus any amount that has come into the hands of the garnishee after service of the writ and before judgment is entered, but not to exceed the amount owed under the creditor's judgment against the debtor and enforcement costs." *Id.* at 2-645(j). Under these circumstances, the Court will enter judgment against garnishee Citibank.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that:

1. Castillo's Motion to Set Aside Default and Vacate Default Judgment, ECF No. 37, is DENIED.

2. Felipe Gonzalez's Motion for Judgment Against Garnishee Citibank, N.A., ECF No. 41, is GRANTED. Felipe Gonzalez is awarded a total of $1,884.38, plus any amount that has come into the hands of the garnishee after service of the writ and before judgment is entered, but not to exceed the amount owed under the creditor's judgment against the debtor and enforcement costs.

Date:   August 30, 2023

THEODORE D. CHUANG
United States District Judge

5